# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOHN OSBORNE,                   )
)
      Movant,             )
)
   v.                       )    No. 4:16CV884 RLW
)
UNITED STATES OF AMERICA,  )
)
      Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Movant John Osborne's ("Osborne") Motion to Correct Sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 2). Upon thorough consideration of the motion and related memoranda, the Court will deny Osborne's motion.

## Procedural Background

On May 14, 2008, Osborne pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in *United States v. Osborne*, No. 4:07CV702 RLW. Because he had three or more prior convictions for a violent felony, Osborne qualified for sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court sentenced Osborne to 230 months' imprisonment and 3 years' supervised release. The district judge adopted the presentence investigation report ("PSR") issued by the United States Probation Office which stated that Osborne had several prior convictions, including six prior convictions for violent felonies, thus establishing Osborne as an armed career criminal. However, on June 26, 2015 the United States Supreme Court held that the residual clause of the

ACCA, 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2105).

Pursuant to the *Johnson* decision, Osborne filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on June 17, 2016. Osborne argues that his prior convictions for robbery no longer qualify as ACCA "violent felonies." Therefore, Osborne contends that he does not have the three necessary predicate convictions to qualify him as an armed career criminal. Osborne seeks a reduced sentence as a result. The government responds that Osborne's robbery convictions under Florida law are violent felonies under the "elements/use of force" clause of the ACCA and thus he is not entitled to relief under *Johnson*. In addition, the United States Probation Office prepared a "Resentencing Report" which recommends that Osborne remain an armed career criminal based on his robbery convictions.

### Discussion

To prevail on a § 2255 motion involving a conviction under the ACCA, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Hardman v. United States*, 149 F. Supp. 3d 1144, 1148 (W.D. Mo. 2016) (citation omitted). "ACCA prescribes a 15–year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a 'violent felony.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (citing 18 U.S.C. § 924(e)(1)). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B).

2

"The italicized language is the "residual clause" invalidated by *Johnson*, in a rule that applies retroactively to cases on collateral review." *Arender v. United States*, No. 1:15-CV-00153-AGF, 2017 WL 1209371, at *2 (E.D. Mo. Apr. 3, 2017) (quoting *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016)). However, the remaining clauses, including the elements clause in subsection (i) and the four enumerated offenses in subsection (ii), are still in effect. *Johnson*, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Osborne argues in his § 2255 motion that none of his prior convictions qualify as a violent felony under either the enumerated offenses clause or the elements clause. The government, on the other hand, asserts that under Florida law, robbery is a violent felony under the elements clause of the ACCA. *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016). The Court agrees that Osborne's Florida convictions for robbery are violent felonies within the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i).

Under Florida statute, "'Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. Ann. § 812.13(1). The Eleventh Circuit Court of Appeals has explicitly held that a Florida robbery conviction qualifies as a violent felony under the ACCA's elements clause. *See Fritts*, 841 F.3d at 940 ("[A] Florida robbery conviction under § 812.13(1), even without a firearm, qualifies as a 'crime of violence' under the elements clause in the career offender

guideline . . . which has the same elements clause as the ACCA."); *United States v. Seabrooks*, 839 F.3d 1326, 1341, 1345 (11th Cir. 2016) ("Because the requirement of 'force, violence, assault, or putting in fear' in the § 812.13(1) robber statute has remained the same," prior Eleventh Circuit precedent controlled the court's determination that Florida robbery convictions qualify as ACCA violent felonies). Most recently in *United States v. Lee*, the Eleventh Circuit reaffirmed that Florida robbery convictions are predicate ACCA violent felonies. __ F.3d __, 2018 WL 1573347, at *3 (11th Cir. Apr. 2, 2018) (finding that prior Eleventh Circuit cases holding that Florida robbery convictions qualified as convictions for a violent felony were binding precedent, foreclosing movant's arguments that his Florida robbery convictions could not be used to qualify him as an armed career criminal under the ACCA).

The Final Resentencing Report states that, according to court records Osborne "did by force, violence, assault or putting in fear, take away from the person or custody of" certain individuals on four separate occasions and was convicted of robbery under Florida law. (Resentencing Report in 4:07CR702 RLW ¶¶ 35-38, ECF No. 34) The Court finds that Osborne's more than three prior Florida robbery convictions qualify as violent felonies under the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), such that he remains an armed career criminal and is not entitled to relief under *Johnson*. Thus, the Court will deny Osborne's § 2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that John Osborne's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket a copy of this Memorandum and Order in Osborne's Criminal Case No. 4:07CR702 RLW. A separate judgment in accordance with this Memorandum and Order is entered on this same date.

Dated this 6th day of April, 2018.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**